# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### READING DIVISION

| | |
|---|---|
| **In re:**<br><br>**Rafael Enrique Mendez, Jr,**<br>**aka Rafael Mendez Jr,**<br>**aka Rafael Enrique Mendez,**<br>　　**Debtor.**<br>**Lakeview Loan Servicing, LLC,**<br>　　**Movant,**<br>**v.**<br>**Rafael Enrique Mendez, Jr,**<br>**aka Rafael Mendez Jr,**<br>**aka Rafael Enrique Mendez,**<br>　　**Debtor/Respondent,**<br>**SCOTT F. WATERMAN, Esquire,**<br>　　**Trustee/Respondent.** | **Bankruptcy No. 19-17126-pmm**<br><br>**Chapter 13**<br><br>**Hearing Date: December 6, 2022**<br>**Hearing Time: 10:00 a.m.**<br>**Location: U.S. Bankruptcy Court, E.D. Pa., The Gateway Building, 201 Penn Street, 4th Floor, Reading, PA 16801** |

### MOTION OF LAKEVIEW LOAN SERVICING, LLC FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT LAKEVIEW LOAN SERVICING, LLC TO FORECLOSE ON 1328 NEWPORT AVE, NORTHAMPTON, PENNSYLVANIA 18067

Secured Creditor, Lakeview Loan Servicing, LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Rafael Enrique Mendez, Jr, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on November 13, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and

statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 8, 2018, Rafael E Mendez, Jr., executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $132,554.00 to Stearns Lending, LLC. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on June 20, 2018 in Instrument Number 2018015959 of the Public Records of Northampton County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 1328 Newport Ave, Northampton, Pennsylvania 18067, ("the Property").

6. A loan modification was entered into on June 1, 2021, creating a new principal balance of $142,862.46. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to Lakeview Loan Servicing, LLC and same was recorded with the Northampton County Recorder of Deeds on December 23, 2019, as Instrument Number 2019035192. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor's Modified Chapter 13 Plan (Docket No. 47), the Debtor is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Modified Chapter 13 Plan is attached hereto as Exhibit "E."

9. Upon review of internal records, Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $1,123.86 which came due on August 1, 2022 through November 1, 2022, respectively.

10. Thus, Debtor(s)' post-petition arrearage totaled the sum of $4,111.56 with the suspense balance of $383.88 through October 14, 2022.

11. Upon review of internal records, the current unpaid principal balance due under the loan documents is approximately $139,559.30. Movant's total claim amount, itemized below, is approximately $143,298.57. See Exhibit "F."

| | |
|---|---|
| Principal Balance | $139,559.30 |
| Interest 10/31/22 | $1,677.22 |
| Pro Rata MIP/PMI | $85.45 |
| Escrow Advance | $1,346.60 |
| Recoverable Balance | $640.00 |
| Suspense Balance | ($0.00) |
| Total to Payoff | $143,298.57 |

12. According to the Debtor's schedules, the value of the property is $132,800.00. A true and accurate copy of the Debtor's Schedule A/B is attached hereto as Exhibit "G."

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtor has defaulted on the secured obligation having failed to make all monthly post-petition installment payments due to Secured Creditor.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure

action.

16. Additionally, once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Lakeview Loan Servicing, LLC to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Dated: November 10, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone: 470-321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number 314532
Email: cwohlrab@raslg.com